UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-03532 |
| | ) | |
| v. | ) | |
| | ) | |
| RYDER INTEGRATED LOGISTICS, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Timothy Rhodes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ryder Integrated Logistics, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent have been fulfilled or been complied with.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, Timothy Rhodes, resided in Cook County, Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, Ryder Integrated Logistics, Inc., was a corporation doing business in and for Will County, Illinois, whose address is 740 Pro Logis Parkway, Romeoville, IL 60446.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant as an operations manager from November of 2011, until his unlawful termination on or around December 14, 2021.

13.     Plaintiff met or exceeded Defendant's performance expectations during the entire

duration (more than ten years) of his employment.

14. Plaintiff is African American and is a member of a protected class because of his race.

15. Since at least June 1, 2021, through December 14, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating §1981 and Title VII.

16. On or around June 1, 2021, Defendant assigned a new manager to Plaintiff's department, Guadalupe Torres (Hispanic).

17. At or around that same time, Manager Torres told Plaintiff, "I am going to get rid of all the black people and replace them with Mexicans."

18. Plaintiff found this comment to be distressing and caused him to feel mental anguish concerning the potential fragility of his employment as a result of his race (African American).

19. Following this interaction with Manager Torres, Plaintiff began to be targeted for race-based harassment by Manager Torres and another manager, Larry Tish.

20. Managers Torres and Tish would tell Plaintiff, "you don't speak like a supervisor," "you don't speak right in meetings," and "you aren't fit for the supervisor role."

21. Plaintiff, becoming more and more distressed and uncomfortable as a result of Defendants' supervisors' comments, reported Torres and Tish to Defendant's Human Resources (HR) Hotline.

22. As a result of engaging in a protected activity (reporting race-based harassment

and discrimination), Plaintiff's schedule was changed to disrupt Plaintiff's personal life in efforts to make Plaintiff quit.

23. On or around July 15, 2021, after Plaintiff's report of race-based harassment and discrimination, another employee informed Plaintiff that Tish told him to "put the cameras on him [referring to Plaintiff]."

24. Plaintiff was further retaliated against for engaging in a protected activity by being accuse of allowing his employees to use their phones for work purposes and was targeted for "investigation" by Torres and Tish.

25. Other similarly situated employees not within Plaintiff's protected class (non-African American individuals) were treated more favorably.

26. On or around October 2021, Plaintiff filed a Charge of Discrimination *pro se* with the EEOC as a result of the race-based harassment and discrimination he was experiencing.

27. On or around December 14, 2021, Plaintiff had to leave work early due to a family emergency.

28. That same day, Tish told Plaintiff that he was suspended and that Tish would inform Plaintiff when he was permitted to return to work.

29. Ultimately, Tish called Plaintiff and informed Plaintiff he was terminated.

30. Plaintiff was subjected to discrimination and harassment as a result of his protected class status (African American).

31. He engaged in a protected activity when he reported the race-based harassment and discrimination to Defendant's HR hotline and later in filing a charge with the EEOC.

32. As a result of exercising his protected rights, Plaintiff was retaliated against on the

4

basis of race in violation of Title VII.

33.     Plaintiff was unlawfully terminated because of his race, (African-American).

34.     Plaintiff was targeted for termination because of his race.

35.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36.     There is a basis for employer liability for the race-based harassment and discrimination that Plaintiff was subjected to.

37.     Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to Defendant's HR hotline about the harassment.

### COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

38.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39.     Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

41.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

42. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

43. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

44. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

52.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54.     Defendant knew or should have known of the harassment.

55.     The race-based harassment was severe or pervasive.

56.     The race-based harassment was offensive subjectively and objectively.

57.     The race-based harassment was unwelcomed.

58.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

59.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

61.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

62.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

63.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

7

Defendant about conduct that constituted race discrimination and/or race-based harassment.

64.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

65.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

66.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

67.     Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

68.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

69.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

70.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<strong><u>RELIEF REQUESTED</u></strong>

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.     Back pay with interest;

    b.     Payment of interest on all back pay recoverable;

8

    c.       Compensatory and punitive damages;

    d.       Reasonable attorneys' fees and costs;

    e.       Award pre-judgment interest if applicable; and

    f.       Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of June, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

9